IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2008

Charles R. Fulbruge III
Clerk

No. 07-10075

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ANTHONY JOSEPH GRAZIOSO

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-22-ALL

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Anthony Joseph Grazioso appeals following his guilty plea for possession of a firearm in furtherance of a drug trafficking crime. Grazioso reserved his right to appeal the district court's pretrial denial of his motion to suppress all evidence. We AFFIRM.

A confidential informant ("CI") told police that a person named "Tony" was dealing methamphetamine from two storage stalls in Irving, Texas, and that Tony kept the drugs in a toolbox in his pickup truck. Police believed Tony was

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Grazioso and twice observed him late at night outside the storage stalls acting suspiciously. They instituted a traffic stop of his truck and discovered that Grazioso had an outstanding arrest warrant for a parole violation. Officers arrested Grazioso and impounded his truck. An inventory search revealed 191 grams of methamphetamine, baggies, an empty gun case, and paperwork showing Grazioso was the lessee of the storage stalls. Upon obtaining a warrant to search the storage stalls, policed discovered several firearms and more methamphetamine.

Grazioso moved to suppress the evidence found in both his truck and the storage stalls. The district court conducted a suppression hearing and granted the motion, concluding that police improperly stopped Grazioso because the Government failed to show that Grazioso had committed a traffic violation. The court held that the evidence found in the storage stalls was the fruit of the illegal stop. The court noted that the Government did not argue any alternative basis to uphold the stop. The Government filed a motion for reconsideration, arguing for the first time that the police had probable cause independent of the alleged traffic violation to believe Grazioso's truck contained contraband. The district court granted the motion and concluded that the officers did have probable cause to stop Grazioso. The court therefore denied the suppression motion.

Grazioso argues that the Government waived its probable cause argument by failing to raise it at the suppression hearing, that the district court erroneously felt constrained by our precedent to grant the motion for reconsideration, and that the motion prejudiced him. We are not persuaded. The Government did not waive its probable cause argument by raising it for the first time in the motion for reconsideration. See United States v. Hassan, 83 F.3d 693, 696 (5th Cir. 1996). Furthermore, the district court correctly recognized that it retained discretion to consider the motion. See id; see also United States v. Palmer, 122 F.3d 215, 221 (5th Cir. 1997). Finally, Grazioso's

assertion of prejudice is unavailing. He had the opportunity to fully respond to the Government's argument, which he did in his response brief. He also had the opportunity to request another hearing to develop any inadequacies in the record, but he did not do so.

Grazioso next argues that the Government lacked probable cause to stop him because there was insufficient corroboration of the CI's tip. We review the district court's ultimate conclusion as to probable cause de novo. Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663 (1996). We review findings of fact for clear error and give due weight to the inferences drawn from those facts by the district court and the police officers. Id.

Police may search an automobile without a warrant if they have probable cause to believe the vehicle may contain contraband. United States v. Fields, 456 F.3d 519, 523 (5th Cir. 2006). An informant's tip that is sufficiently corroborated by independent police investigation may provide a basis for probable cause. Illinois v. Gates, 462 U.S. 213, 241–42, 103 S. Ct. 2317, 2334 (1983). Similarly, police may make an investigative stop where the officers have reasonable suspicion supported by articulable facts to believe that criminal activity may be afoot. United States v. Martinez, 486 F.3d 855, 861 (5th Cir. 2007).

Here, the CI told police that a person named Tony was dealing methamphetamine from two storage stalls located at Carl Road and State Highway 183 in Irving. The CI said that Tony also operated a lawn service and carried between a quarter-pound and half-pound of methamphetamine in a toolbox in the bed of a blue or red Ford Ranger pickup truck. The CI further stated that Tony traded drugs for stolen property, which he kept in the storage stalls. Police suspected that "Tony" referred to Grazioso, and they corroborated that Grazioso drove a blue Ford Ranger. They then setup surveillance at the storage stalls and observed Grazioso near midnight standing at his truck near the toolbox. Another vehicle was also present. An undercover officer followed

Grazioso and testified that Grazioso drove unusually cautiously and frequently turned and checked his mirrors, which the officer believed from his experience was consistent with drug trafficking. Grazioso pulled into a gas station and looked at the undercover officer, who was stopped at a nearby traffic light. Believing he had been detected, the officer discontinued the surveillance. Three nights later, police observed Grazioso at the storage stalls again near midnight with the same Ford Ranger. Another white male was also present in a red vehicle. Police again followed Grazioso as he and the red vehicle drove away together. An officer testified that the red vehicle was closely following Grazioso as if running interference to divert attention away from Grazioso. As police attempted to stop Grazioso for a traffic violation, the red vehicle prevented a marked patrol car from getting behind Grazioso.

Based on the totality of the circumstances, we conclude that police had at least reasonable suspicion, if not probable cause, to believe that criminal activity was afoot and to stop Grazioso's truck. Once the police stopped Grazioso and learned that he had an outstanding arrest warrant, they had probable cause to arrest him. Testimony at the suppression hearing showed that the police then conducted a valid inventory search of the vehicle pursuant to standard police policy. See United States v. Castro, 166 F.3d 728, 734 (5th Cir. 1999) (en banc).

The district court's judgment is AFFIRMED.